NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee*,

*v.*

LEAH NIKOLE WARE, *Appellant*.

No. 1 CA-CR 23-0186

FILED 04-10-2025

Appeal from the Superior Court in Maricopa County
No. CR2021-103825-001
The Honorable David O. Cunanan, Judge, *Retired*

**CONVICTIONS AFFIRMED; SENTENCES AFFIRMED IN PART,
VACATED AND REMANDED IN PART**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Phillip A. Tomas
*Counsel for Appellee*

Law Offices of Stephen L. Duncan P.L.C., Scottsdale
By Stephen L. Duncan
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Presiding Judge Michael J. Brown delivered the decision of the Court, in which Judge D. Steven Williams and Judge Daniel J. Kiley joined.

---

**B R O W N**, Judge:

**¶1**         This appeal is presented to us pursuant to *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969). Defense counsel has searched the record on appeal and advised us there are no meritorious grounds for reversal. Defendant Leah Nikole Ware was given the opportunity to file a supplemental brief, but she did not do so. Our obligation is (1) to ascertain whether counsel has "conscientiously performed" their duty to review the record for arguable issues, and (2) to conduct our own review of the record for reversible error. *See State v. Clark*, 196 Ariz. 530, 537, ¶ 30 (App. 1999).

**¶2**         Our initial review of the record revealed an issue on whether the trial court's apparent consideration of Ware's lack of remorse and failure to admit guilt as a factor for sentencing purposes constitutes fundamental, prejudicial error that requires resentencing. *See State v. Carriger*, 143 Ariz. 142, 162 (1984); *State v. Trujillo*, 227 Ariz. 314, 318, ¶¶ 14–15 (App. 2011). We then requested supplemental briefing on that issue under *Penson v. Ohio*, 488 U.S. 75 (1988). The parties filed their respective briefs, and for the reasons discussed below, we accept the State's concession that Ware must be re-sentenced on one of the counts for which she was convicted.

## BACKGROUND

**¶3**         We view the evidence in the light most favorable to sustaining the conviction and resolve all reasonable inferences against Ware. *State v. Guerra*, 161 Ariz. 289, 293 (1989). On January 28, 2021, shortly after 11:00 p.m., V.R. was driving home from work in her Kia in the westbound lanes of Loop 202 near Scottsdale Road.[1] As she drove, V.R. saw the headlights of a vehicle traveling east in the westbound lanes headed directly towards her. The vehicle driving the wrong way was a Mazda driven by Ware. V.R.

---

[1]         We use initials to protect the victim's privacy. *See* Ariz. R. Sup. Ct. 111(i).

swerved left into the high occupancy vehicle lane to avoid a collision with Ware, but Ware maneuvered into that lane and hit V.R.'s vehicle head-on. V.R. testified that it appeared Ware's actions were intentional. Electronic data from the Mazda showed Ware accelerated as she approached V.R.'s Kia and did not apply the brakes. Four vehicles were ultimately involved in the collision sequence.

¶4            Emergency personnel transported V.R. and Ware to a hospital. Ware showed no signs of impairment, and a toxicological examination revealed no drugs or alcohol in her system. V.R. suffered serious injuries, including compound fractures, a hole in her aorta, punctured lungs, and multiple lacerations. By the time of trial, V.R. had undergone six surgical procedures with more needed in the future.

¶5            A grand jury indicted Ware with three counts of endangerment and three counts of aggravated assault. *See* A.R.S. §§ 13-1201, -1204. At trial, only one of the victims of the endangerment counts testified, and that person did not suffer any significant injuries. At the close of the State's case, the trial court granted Ware's motion for judgment of acquittal on two counts of aggravated assault allegedly committed against two police officers. The jury ultimately found Ware guilty of aggravated assault committed against V.R. and three counts of endangerment involving persons in two other vehicles. The jury then found, as an aggravating circumstance on the aggravated assault count, that V.R. suffered physical, emotional, and/or financial harm. The trial court sentenced Ware to presumptive terms of 2.25 years' imprisonment for each count of endangerment and an aggravated term of ten years' imprisonment for aggravated assault. The court further ordered that all sentences would run concurrently.

¶6            Near the end of the sentencing hearing, the trial court explained its decision on the aggravated assault count in part as follows:

> All right. Ms. Ware, I was contemplating a -- a presumptive term in this based upon your lack of criminal history and your mental health, but I agree with the victims that you [have] shown, in essence, no remorse for this. You indicate you have injuries yourself, but those are self-[inflict]ed whereas the victim in this case – she was truly an innocent victim of your consequences and your actions -- the consequences of your actions, I should say. And to this day, you don't believe that, in essence, you really did anything wrong. The jury found something differently than that, and all the facts in the case,

the jury finding is supported by all the evidence that was submitted. And you can't discount the lifelong nature of those injuries that the victim has suffered, and that's why I gave you a greater than the presumptive term; however, I also look at other cases that you have in terms of where someone actually died. And based upon what kind of -- that range of sentencing -- and unfortunately, as a judge you get to sit up here, and you get to see all those particular cases -- I do find the aggravated term appropriate.

¶7        Ware timely appealed, we have jurisdiction under A.R.S. § 12-120.21(A)(1).

## DISCUSSION

¶8        In her *Penson* briefing, Ware argues the trial court's decision to aggravate the sentence for aggravated assault based on her failure to admit responsibility and her lack of remorse constitutes fundamental, prejudicial error.

¶9        When "sentencing a defendant, a court may not consider his or her lack of remorse or failure to admit guilt." *Trujillo*, 227 Ariz. at 318, ¶¶ 14–15; *see also Carriger*, 143 Ariz. at 162 (1984) (explaining that a "defendant is guilty when convicted and if he chooses not to publicly admit his guilt, that is irrelevant to a sentencing determination"); *State v. Hardwick*, 183 Ariz. 649, 656 (App. 1995) (explaining that a trial court's reliance on a defendant's failure to publicly admit guilt "to aggravate" the sentence imposed "offends the Fifth Amendment privilege against self-incrimination").

¶10        The State concedes that the aggravated assault count should be remanded for resentencing because "Ware has shown the trial court likely would not have reached the same sentencing decision if it did not consider the improper factors . . . ." *See Trujillo*, 227 Ariz. at 319, ¶ 21; *see also Carriger*, 143 Ariz. at 162. Based on our own review of the record and relevant caselaw, together with the State's concession, we conclude that the trial court's consideration at sentencing of Ware's lack of remorse and failure to admit guilt constitutes fundamental, prejudicial error requiring a remand for resentencing for the aggravated assault count.

¶11        After reviewing the entire record, we detect no other errors in this proceeding. *See Clark*, 196 Ariz. at 541, ¶ 50. The record reflects Ware was either present and represented by counsel at all critical stages of the proceedings, or that Ware waived her presence, such as when Ware

4

voluntarily absented herself from much of the trial. The evidence presented supports all of Ware's convictions and the sentences for the endangerment counts fall within the range permitted by law. Except as noted above, as far as the record reveals these proceedings were conducted in compliance with the Arizona Rules of Criminal Procedure and Ware's constitutional and statutory rights.

## CONCLUSION

**¶12** We affirm Ware's convictions and sentences for the three counts of endangerment, as well as the conviction for aggravated assault, but we vacate the sentence for aggravated assault and remand for resentencing on that count only. As to all four convictions and the sentences for the three counts of endangerment, defense counsel has no further obligations unless counsel finds an issue that may be appropriately submitted to the Arizona Supreme Court by petition for review. *State v. Shattuck*, 140 Ariz. 582, 584–85 (1984). Ware has 30 days from the date of this decision to file a pro se motion for reconsideration. Ware has 30 days from the date of this decision to proceed, if she wishes, with a pro se petition for review or, if she has filed a timely motion for reconsideration she has 15 days after that motion is decided. *See* Ariz. R. Crim. P. 31.21.



MATTHEW J. MARTIN • Clerk of the Court
**FILED**:        JR